# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY 1998 SESSION



**FILED**

June 3, 1998

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 03C01-9709-CR-00405** |
| Appellee, | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. RICHARD R.** |
| | ) | **BAUMGARTNER, JUDGE** |
| **AUGUSTA THOMAS ROBINSON,** | ) | |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

**MARK E. STEPHENS**
District Public Defender

**PAULA R. VOSS**
**JAMIE NILAND**
Assistant Public Defenders
1209 Euclid Avenue
Knoxville, TN 37921

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**MARSHA SELECMAN**
Assistant District Attorney General
400 Main Avenue
P.O. Box 1468
Knoxville, TN 37901-1468

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Augusta Thomas Robinson, appeals the order of the Knox County Criminal Court revoking his probation. On appeal, he claims (1) there was insufficient evidence to support the trial court's ruling, and (2) he was denied the minimum level of due process required in a probation revocation hearing. The judgment of the trial court is affirmed.

## FACTS

The defendant was initially convicted of criminal impersonation and sentenced to six (6) months probation. Subsequently, the defendant was arrested on two (2) counts of burglary. A probation violation warrant was issued because of the arrest and the failure to report the charges.

The state presented the testimony of one of the automobile burglary victims, Paul Russell, at the revocation hearing. Russell testified he observed the defendant steal tools out of a toolbox in the back of Russell's truck. Russell had previously identified the defendant in a photo line-up as the person who stole his tools.

The defendant testified in his own behalf. He stated he had no involvement in the offense.

The trial court found sufficient proof had been presented to establish the defendant committed the offense. The trial court concluded, therefore, that the defendant violated his probation and ordered his sentence for criminal impersonation to be served in custody.

## SUFFICIENCY OF THE EVIDENCE

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. § 40-35-311(d). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The evidence fully supports the trial court's revocation order. The state presented testimony that the defendant committed a criminal offense in violation of the terms of his probation. The defendant denied any involvement. The trial court was in a position to judge the appearance, demeanor and credibility of the witnesses. There was certainly substantial evidence to support the trial court's findings.

This issue is without merit.

## DUE PROCESS

The defendant contends that his due process rights were violated because the state did not disclose to him all of the evidence it had regarding his

3

pending burglary charges. He argues this lack of disclosure prevented him from presenting an adequate defense at the revocation hearing.

Probation revocation proceedings are subject to constitutionally-mandated procedural due process standards. *See* <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)(adopting the procedural requirements for parole revocation set forth in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). Disclosure of the nature of the evidence against the probationer is among these standards. <u>Morrissey v. Brewer</u>, 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Nothing in this record indicates the state failed to disclose exculpatory evidence to the defendant. Nor is there a showing that the defendant requested the right to examine certain evidence and was denied this right by the state. There is no requirement that the state <u>introduce</u> all proof at its disposal. The state may properly introduce only enough evidence that it believes will satisfy its burden of proof, provided it does not withhold exculpatory evidence. The defendant was given prior notice of the revocation hearing where he was allowed counsel, the right to cross-examine witnesses against him, call witnesses on his own, and testify in his own defense. Due process was satisfied.

This issue is without merit.

## CONCLUSION

The evidence adduced at the revocation hearing is sufficient to support the trial court's conclusion that the defendant violated his probation. Therefore, the judgment of the trial court is AFFIRMED.

4

                                              _____

                                              **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**CURWOOD WITT, JUDGE**